Robert J. Sassone, Esq. Town Attorney, Norfolk
You have informed us that your town supplies water to residents and that one resident has a leaking service pipe on his property, which he refuses to repair. Your question is whether the town may discontinue water service to this property owner and enter upon his property to repair the pipe.
The installation and repair of a supply pipe through which water is conducted from a town water main to a residence are the responsibility and expense of the property owner (Town Law, § 198[3][a]). (A town may provide, however, that the portion of a supply pipe within the bounds of a public highway be installed and repaired by the town water district at the district's expense [ibid.].) Section 198(3)(c) of the Town Law provides that the town board may enact ordinances "for the operation of the water district and the use of water therein," and may enforce such ordinances by discontinuing water service where a violation has occurred.
Where a property owner refuses to repair a leaking water pipe, the continued waste of this valuable resource can be prevented only by public action. We believe that a regulation permitting the town to enter upon such private property to repair a leaking pipe is the type of action contemplated by section 198(3)(c). In our opinion, such a regulation might also be adopted by local law as an exercise of the police power granted to local governments (Municipal Home Rule Law, §10[1][ii][a][12]). We believe that section 198(3)(a) of the Town Law, which requires that the installation and repair of supply pipes besupervised by a town employee, further supports our conclusion. (We note that section 11-1112(1), (2) and (3) of the Village Law expressly permits a village to discontinue water service and enter upon private property to repair a leaking pipe.) Moreover, we believe that town regulations can require the property owner to reimburse the town for the expenses it incurs in repairing a supply pipe, as the law makes such repairs the responsibility of the property owner (Town Law, § 198[3][a]). A town may include in its water service regulations provisions for discontinuance of service upon a failure to comply with requirements or as is necessary to effectuate repairs (id., § 198[3][c]).
In several cases involving the termination by a municipality of water service for nonpayment of charges, it has been decided that the provision of water is a property right that may not be terminated without due process (Memphis Light, Gas and Water Division v Craft, 436 U.S. 1
[1978]; Koger v Guarino, 412 F. Supp. 1375 [ED Penn, 1976] affd 549 F.2d 795 [3d Cir, 1977]; Bradford v Edelstein, 467 F. Supp. 1361 [SD Texas, 1979]). In that situation, due process requires the provision of an opportunity, prior to termination of service, for the presentation of a customer's complaint that he is being overcharged or charged for services not rendered (ibid.). It is conceivable that a customer may have a legitimate reason for not repairing the supply line such as his belief that the leak resulted from the negligence of the municipality. The customer should, therefore, be given the opportunity, prior to termination of service, to present his view of the circumstances to representatives of the municipality. However, there may exist emergency circumstances resulting from the leak such as the threat of flooding, or loss of water pressure jeopardizing service to others. In the event of a real emergency, it may not be necessary to conduct such hearing prior to termination of service, but we believe that the municipality should, if possible, provide notice to the customer of the planned termination of service.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.